IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY MURPHY, DAVE SHAFFER, d/b/a SOUTHWEST FURNITURE BROKERS, Plaintiffs, v. BROYHILL FURNITURE INDUS., INC., RANDALL LAVERCOMBE, LANE FURNITURE INDUS., INC., Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 3:08-CV-2092-M |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Remand [Docket Entry #15]. Having considered the Motion, the parties' briefing, and the applicable law, the Court concludes that the Motion should be GRANTED. Because this Court lacks subject matter jurisdiction, this case is REMANDED to the 44th District Court of Dallas County, Texas.

### **BACKGROUND**

Plaintiffs Randy Murphy and Dave Shaffer, d/b/a Southwest Furniture Brokers ("Plaintiffs" or "Southwest"), are Texas residents who formed a Texas partnership for the business of retail furniture liquidation. Defendants Broyhill Furniture Industries ("Broyhill"), and Lane Furniture Industries ("Lane"), are furniture merchandise suppliers that are not residents of Texas. Defendant Randy Lavercombe ("Lavercombe") is an individual employee of Broyhill, who resides in Collin County, Texas. Defendants Broyhill and Lane entered into an agreement for Plaintiffs to conduct a large public furniture sale in Dallas, Texas ("the Agreement"). Under the Agreement, Defendants would provide the furniture to be sold. Plaintiffs allege that they

performed their duties, but that Defendants breached the Agreement by: (1) failing to provide furniture; (2) tardily supplying certain merchandise; and (3) supplying two contemporaneous competing furniture sales.

On October 17, 2008, Plaintiffs filed suit in Texas state court, alleging breach of contract, unfair competition, fraud, conversion, and unjust enrichment. Defendants timely removed, alleging that this Court has diversity jurisdiction because the Plaintiffs cannot establish a cause of action against Defendant Lavercombe, whose Texas residency would otherwise preclude removal. Plaintiffs respond that Lavercombe is properly joined, and move to remand on the grounds that this Court does not have subject matter jurisdiction because complete diversity of citizenship is lacking.[1] Plaintiffs also seek an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

## LEGAL STANDARD

*A.    Removal Jurisdiction*

Under 28 U.S.C. §1441(a), a defendant may remove a state court action to federal court only if the action could have originally been filed in federal court.[2] Removal jurisdiction is strictly construed, because it implicates important federalism concerns.[3] "[A]ny doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."[4] The party seeking removal has the burden of establishing federal jurisdiction.[5] A federal district court may exercise jurisdiction on two principal bases: (1) the existence of a federal question; and (2) complete diversity of citizenship between the parties when at least

---

[1] 28 U.S.C. §§ 1332, 1441 (2009).
[2] *See* 28 U.S.C. § 1441(a) (2009); *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989).
[3] *Bosky v. Kroger Tex. LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).
[4] *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992).
[5] *See Frank*, 128 F.3d at 921-22; *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

$75,000 is in controversy.[6]

B.  *Improper Joinder*

Complete diversity does not exist if a plaintiff is a citizen of the same state as even one defendant.[7] However, if a defendant has been fraudulently joined the citizenship of that defendant is disregarded for purposes of determining diversity.[8] Fraudulent joinder is established when the removing party meets the heavy burden of showing: (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[9]

To prove fraudulent joinder under the second ground, a defendant must show there is *no reasonable basis* for predicting that state law *might* impose liability against the non-diverse defendant.[10] The court does not have to predict whether the plaintiff will certainly prevail on the merits, nor even if it will likely do so.[11] Instead, the court must determine whether the plaintiff *might possibly* prevail.[12] The court uses a standard similar to that employed for motions under Federal Rule of Civil Procedure 12(b)(6), to determine whether a "reasonable basis" for liability exists.[13] A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.[14] However, the court must take as true the plaintiff's well-pleaded allegations of fact, and resolve any contested issues of fact or ambiguities in state law in favor of the plaintiff.[15]

---

[6] *See* 28 U.S.C. §§ 1331, 1332 (2009).
[7] *See* 28 U.S.C. 1332(a)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).
[8] *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995); *see also Tedder v. F.M.C. Corp.*, 590 F.2d 115, 177 (5th Cir. 1979).
[9] *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).
[10] *Travis*, 326 F.3d at 648; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).
[11] *Staples v. Merck & Co.*, 270 F. Supp. 833, 837 (N.D. Tex. 2003) (Lynn, J.).
[12] *Id.* "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573.
[13] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).
[14] *See Badon*, 236 F.3d at 286.
[15] *Ross*, 344 F.3d at 463; *Travis*, 326 F.3d at 649.

C.     *Attorney's Fees*

Under 28 U.S.C. §1447(c), a court ordering remand can award costs and expenses, including attorney's fees, incurred as a result of improper removal. However, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[16]

## DISCUSSION

No federal questions are presented in this case, so the Court's jurisdiction must lie in diversity of the parties, if at all. The parties agree that complete diversity does not facially exist because Defendant Lavercombe is a citizen of Texas, as are the Plaintiffs.[17] However, Defendants contend that Lavercombe was improperly joined to defeat diversity jurisdiction and thus his citizenship must be disregarded, because no possibility exists that the Plaintiffs could establish a cause of action against Lavercombe under Texas law.[18] Any contested issues of fact, or uncertainty in controlling state law, must be resolved in favor of the Plaintiffs.

Defendants alleged in their Notice of Removal that:

> Lavercombe was not a party to the alleged contract set forth in Plaintiffs' Original Petition, nor do Plaintiffs allege that he was a party. Rather, Lavercombe was at all relevant times an employee of Broyhill, the entity with whom Plaintiff Southwest Furniture Brokers ("Southwest") alleges it contracted…Because there is no reasonable possibility that Plaintiffs pled a valid cause of action against Lavercombe under the facts alleged in the Petition, his citizenship should be ignored for purposes of determining complete diversity, and this Court should find that Lavercombe has been improperly joined in order to defeat diversity jurisdiction.[19]

While Defendants dispute the ability of Plaintiffs to recover against Lavercombe under *all* of the asserted causes of action, Plaintiffs limit their arguments that Lavercombe was properly joined to

---

[16] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).
[17] Diversity jurisdiction only exists where no defendant (served or not) is a citizen of the same state as any plaintiff.
[18] *See Smallwood*, 385 F.3d at 572-73.
[19] *See* Notice of Removal at 1-2, 4.

the fraud allegations. Regarding the fraud claims, Defendants argued upon removal that:

1. Under Texas law, the actions underlying a claim for fraud must be specifically alleged. Allegations in a petition must clearly show the misrepresentations that were used to bring about the alleged deceit.

2. Southwest's claim entitled "fraud" is premised on Broyhill's and Lavercombe's alleged failure to disclose that two other Broyhill liquidation sales were being conducted at the same time as Southwest's sale. There are no facts alleged, however, that suggest a fiduciary or confidential relationship was formed between Lavercombe (or Broyhill) and Plaintiffs.

3. Plaintiffs' claim of "fraudulent inducement" is premised on the allegation that Broyhill and Lavercombe fraudulently induced Southwest to enter into an agreement "by making material representations they knew were false." (Ex. A., Pet. at 36). Yet, the Petition fails to allege any specific fraudulent misrepresentations as required by the Texas special pleading standard for fraud claims.

Plaintiffs respond that the Complaint sufficiently alleges that Lavercombe is liable in his individual capacity under theories of fraud, fraudulent inducement, and fraudulent nondisclosure. Plaintiffs argue that Lavercombe is not immune from liability just because he was acting as an agent or employee of Broyhill, and assert that their allegations are sufficient to "raise the possibility" of recovery against Lavercombe for fraud.

Plaintiffs' Complaint alleges that Lavercombe is liable under Texas law for fraud. Specifically, the Complaint alleges:

- On or about August 10, 2007, BROYHILL, through its Vice President of Sales, LAVERCOMBE, entered into a binding and enforceable contract with SOUTHWEST to conduct a $20 million Broyhill Liquidation Manufacturer's Wholesale Sale to the Public in Dallas, Texas.
- Based upon the promises and assurances by BROYHILL and LAVERCOMBE, SOUTHWEST agreed to conduct the sale and began actively performing their obligations pursuant to the Agreement with BROYHILL and LAVERCOMBE.
- SOUTHWEST…relied on BROYHILL and LAVERCOMBE to fulfill their agreement and timely ship merchandise. BROYHILL and LAVERCOMBE repeatedly made assurances and promises that SOUTHWEST would receive their merchandise; however, SOUTHWEST never received the merchandise.
- SOUTHWEST discovered that BROYHILL and LAVERCOMBE conducted two additional "$20 million liquidation sales" at or around the same time as SOUTHWEST's

- $20 million liquidation sale with two competitors in [the] Dallas-Fort Worth ("DFW") area - The Dump and Big Lots. BROYHILL and LAVERCOMBE timely and fully supplied all BROYHILL merchandise for these two competing sales but not to SOUTHWEST.
- At the request of BROYHILL and LAVERCOMBE, and in consideration of their promise to pay according to the terms of the Agreement, SOUTHWEST expended considerable resources to "make ready" the building space to conduct the sale. Moreover, SOUTHWEST conducted the represented $20 million sale without the majority of the agreed upon merchandise. SOUTHWEST has sustained financial harm and has lost the benefits and profits expected to be received if BROYHILL and LAVERCOMBE had performed as promised. BROYHILL and LAVERCOMBE's actions are the proximate cause of SOUTHWEST's injury.
- BROYHILL and LAVERCOMBE repeatedly misrepresented to SOUTHWEST that merchandise was forthcoming and would be timely delivered; however, SOUTHWEST failed to receive most of the merchandise causing a substantial financial loss to SOUTHWEST.
- BROYHILL and LAVERCOMBE had a duty to disclose to SOUTHWEST that two other $20 million BROYHILL liquidation sales were being conducted around the same time as SOUTHWEST [sic], and that BROYHILL supplied all BROYHILL merchandise to "The Dump" and "Big Lots" necessary for their sales. BROYHILL and LAVERCOMBE intentionally and fraudulently concealed these facts and information from SOUTHWEST knowing these facts were material in SOUTHWEST agreeing [sic] to conduct their $20 million sale, that SOUTHWEST was unaware of the other liquidation sales and did not have an equal opportunity to discover them, and that the inaction caused SOUTHWEST to incur substantial financial losses.
- BROYHILL and LAVERCOMBE failed to partially or voluntarily disclose material facts. BROYHILL and LAVERCOMBE's omission of material facts caused SOUTHWEST to enter into an Agreement they would not have entered into otherwise. Such omission constitutes fraud by omission or nondisclosure. BROYHILL and LAVERCOMBE's omission or nondisclosure caused SOUTHWEST's injury.
- BROYHILL and LAVERCOMBE fraudulently induced SOUTHWEST to enter into said Agreement by making material representations they knew were false. BROYHILL and LAVERCOMBE knew SOUTHWEST would enter into the Agreement based upon their false material representations. SOUTHWEST relied on those false representations which caused them substantial financial injury.[20]

This Court must determine if these allegations establish a reasonable basis for predicting that state law might impose liability against Defendant Lavercombe; that is, whether Plaintiffs "might

---

[20] Defendants imply on Page 8 of their Response that Plaintiffs' allegation regarding misrepresentations by Broyhill and Lavercombe as to "forthcoming" merchandise that was not actually received should not be considered as to the Plaintiffs' fraud claims because the allegation is found under the "unfair competition" heading of the Complaint. However, this argument fails, primarily because the fraud allegations *specifically incorporate* all preceding allegations, including the referenced ¶30.

possibly prevail."[21]

> Under Texas law, to prevail on a fraud claim a plaintiff must prove that:
>
> (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied on the representation, which caused injury.[22]

The Complaint sufficiently alleges the four elements of Texas common law fraud as to Defendant Lavercombe. First, the Complaint twice alleges that material misrepresentations were made—Lavercombe made assurances and promises that furniture was available for delivery, and that the merchandise would be timely received by Plaintiffs. These representations were material to the furniture sale.

Second, while the Complaint does not specifically allege that Lavercombe actually knew that Plaintiffs would not timely receive all of the promised merchandise, it does allege that two additional large furniture sales in the same geographic region were fully supplied by Defendants at or around the same time period as Plaintiffs' furniture sale. Thus, at a minimum the Complaint raises a plausible inference that under these facts Lavercombe knew his representations about full and timely delivery of furniture to Plaintiffs were false, or that he made the representations recklessly as positive assertions without any knowledge of their truth. Additionally, the Complaint states generally that Lavercombe induced Plaintiffs to enter into the Agreement by making material representations he knew were false.

Third, the Complaint alleges that Lavercombe knew Plaintiffs would enter into the Agreement based upon the false material representations.

---

[21] *Staples*, 270 F. Supp. at 837.
[22] *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001). To prevail on this Motion to Remand, Plaintiffs must demonstrate the possibility of recovering against Lavercombe as an individual under each of these four elements.

Fourth, the Complaint alleges that Plaintiffs relied on the misrepresentations by Lavercombe, which caused them substantial financial injury. This financial harm includes the use of "considerable resources" to "make ready" the building space to conduct the sale, and the costs of conducting the furniture sale without the agreed upon merchandise, which resulted in lost "benefits and profits expected to be received" had Defendants performed as promised.

The Court finds that the Complaint establishes a reasonable basis for predicting that Texas law might impose liability for fraud against Defendant Lavercombe. Further, the Court agrees that it is possible for Defendant Lavercombe to be liable in his individual capacity, even if he was acting as an employee while he committed the allegedly tortious acts.[23] The burden is on Defendants to convince the Court that the Plaintiffs have no possibility of recovery under Texas law against Defendant Lavercombe. This Court cannot say, under the allegations in the Complaint, that Plaintiffs wholly failed to establish a claim against him. As a result, the Court cannot conclude that Defendant Lavercombe was fraudulently joined to defeat jurisdiction, and his citizenship will not be disregarded. Because complete diversity of citizenship does not exist, this Court lacks subject matter jurisdiction, and hereby REMANDS this action to state court.[24]

The Court notes that the crux of Defendants' arguments as to improper joinder center around the Plaintiffs' failure to allege specific facts or evidence giving rise to Defendants' liability for fraud. Defendants rely on the heightened pleading standard for fraud in the Federal

---

[23] *See Alexander v. Lincare Inc.*, No. 07-CV-1137-D, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007) (Fitzwater, C.J.); *Jenkins v. WM Specialty Mortgage, L.L.C.*, No. 05-CV-2124-G, 2006 WL 374788, at *4 (N.D. Tex. Feb. 17, 2006) (Fish, J.) ("In Texas, 'a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment' (citation omitted). Common law fraud is a tort, so there is a reasonable basis for predicting that if the plaintiff proves his allegations against Knotts, Texas law would hold Knotts liable for common law fraud in this case. As a result, this court cannot say that Knotts was fraudulently joined to defeat diversity jurisdiction."); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984).

[24] Plaintiffs also claim Lavercombe is liable for fraud by nondisclosure, even though no confidential or fiduciary relationship is alleged by Plaintiffs to have existed between the parties. Because the Court finds sufficient allegations of fraud under Texas law, it declines to reach the question of fraud by nondisclosure and its application to this case.

Rules of Civil Procedure,[25] and argue that the Complaint fails to meet this standard because: (1) Plaintiffs have failed to allege with sufficient specificity the nature of the underlying fraud; and (2) Plaintiffs have not provided factual support for the fraud claim, but instead rely on conclusory allegations.  Defendants cite Rule 1 of the Federal Rules of Civil Procedure, which states "[the federal] rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."  Rule 81 provides: "these [federal] rules apply to a civil action after it is removed from a state court."

Defendants argue that because this case has been removed to federal court, the heightened pleading standard set forth in Rule 9(b) applies, and as a result Plaintiffs have no "reasonable possibility of surviving their claim for fraud against Lavercombe."

The Court disagrees.  The question presented to the court in a motion to remand based on improper joinder is not one of sufficiency of the pleadings under federal procedural rules, but rather the plausibility of a plaintiff's claim under applicable state law against an in-state defendant.  This Court will not impose the heightened federal pleading requirement on actions immediately upon removal, so as to defeat state court jurisdiction on federal pleading requirements.  As explained, the central issue is the adequacy of the claim against Lavercombe under Texas law.[26]  If Defendants wish to challenge the specificity of Plaintiffs' allegations, they must do so in state court.

---

[25] Rule 9(b) of the Federal Rules states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b) (2008).

[26] The Court acknowledges the Fifth Circuit's position that "when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted."  *Staples*, 270 F. Supp. 2d at 837 (citing *Great Plains Trust Co.,* 313 F.3d at 329).  However, the Complaint in this case specifically alleges that misrepresentations occurred regarding furniture production and delivery, inducing a contractual relationship with resulting injury to Plaintiffs based on these misrepresentations.  The Court finds that sufficient facts are alleged to establish a reasonable basis to predict that Plaintiffs might prevail.

*Attorney's Fees*

Under 28 U.S.C. §1447(c), this Court may award costs and expenses, including attorney's fees, incurred as a result of improper removal. However, "absent unusual circumstances," courts generally award attorney's fees only when the removing party lacked an objectively reasonable basis for seeking removal.[27] While the Court has determined that Defendants failed to meet their burden to justify removal in this case, the Court does not find their actions to be in bad faith or objectively unreasonable. Plaintiffs' request for attorney's fees is thus DENIED.

## CONCLUSION

Having found that this Court lacks subject matter jurisdiction over the instant suit, it hereby REMANDS this case to the 44th District Court of Dallas County, Texas.

SO ORDERED this 2nd day of June, 2009.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[27] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).